## L. P. LUSK v. E. I. HITT, et al.

Middle Section.   January 7, 1928.

Maynard Tipps, of Tullahoma, for appellants, Coop and Mrs. Lusk.

J. J. Finley and Ewell & Ewell, of Manchester, for appellee, L. P. Lusk.

A. L. Davidson, of Tullahoma, for E. I. Hitt, Trustee.

CROWNOVER, J. This bill was filed to collect from the trustee $236.12, balance of the proceeds of sale of a house and lot in Tullahoma under a foreclosure of the deed of trust, claimed to be exempt under the homestead laws, which proceeds were sought to be impounded by Ewin Coop a creditor in a garnishment proceeding. The creditor Coop filed an answer and cross-bill denying that complainant was the head of a family and entitled to the proceeds, and insisted that the proceeds should be subjected to the payment of his debt, (1) because it was impounded by garnishment, and (2) because his debt was for money loaned to pay interest that had accrued on said mortgage debt, and that he was therefore entitled to have an equitable lien declared in his favor.

At this juncture complainant's wife, Mrs. Jessie Lusk, filed a petition to intervene, alleging that her husband had deserted her and had not contributed anything to her support or maintenance since July, 1926, and alleged that she was wholly dependent upon

herself and her relatives for support, and therefore she was entitled to the balance of said proceeds of the homestead, as it inured to her benefit for the reasons above set out.

At the hearing the Chancellor decreed that complainant was the head of a family and entitled to said proceeds, and that the creditor was not entitled to an equitable lien and his garnishment proceeding was void, and further held that Mrs. Lusk was not entitled to any relief. He therefore dismissed both the cross-bill and the petition.

Both, the creditor Coop and the petitioner Mrs. Lusk excepted, and have appealed to this court. Coop perfected his appeal by executing a bond. Mrs. Lusk did not execute an appeal bond, but has filed the record for a writ of error, and both have assigned errors.

The facts necessary to be stated are, that L. P. Lusk and his wife, Jessie Lusk, executed a deed of trust on a house and lot in Tullahoma to E. I. Hitt, trustee, to secure notes aggregating $1000 to S. H. Brixey, and provided in said deed of trust that in default of payment the property should be sold in bar of the equity of redemption and homestead rights. Lusk borrowed money from his son-in-law Ewin Coop to pay the interest along on this mortgage up until July, 1926, when he defaulted in payment, and the property was advertised and sold by the trustee on November 22, 1926, under foreclosure proceedings, when the same was purchased by Coop for $1150. After paying off said mortgage there remained $236.12 in the hands of the trustee. On the same day and before the trustee could go to the bank, a garnishment proceeding was served on the trustee by a constable, at the instance of Coop, in which it was stated that the constable had an unsatisfied execution in his hands in favor of Coop against Lusk, for $255, and he was cited to appear before a Justice of the Peace to answer the garnishment, which he later did, stating that he had $236.12 in his hands. Soon thereafter a notice was served on the trustee by Lusk demanding that the $236.12 be paid to him as it was the proceeds of his homestead. The trustee refused to pay over the money until the litigation was ended; whereupon the bill in this cause was filed.

It appears from the record that the constable had no execution in his hand at the time he served the garnishment on the trustee. The creditor had sued out a warrant against Lusk before a Justice of the Peace, but no judgment had been rendered thereon, and no execution had been issued. No attachment or other proceedings had been instituted seeking to impound said money, other than the attempted service of the garnishment above mentioned. It further appears that the Magistrate afterwards rendered a judgment in favor of Coop against Lusk for $255, and that Lusk later appealed that case to the circuit court of Coffee county where it was affirmed, but the Magistrate rendered no judgment on the garnishment

proceedings against the trustee, and no judgment was rendered in the circuit court against the trustee.

It appears that Coop loaned several small sums of money to his father-in-law Lusk at different times for the purpose of paying off the interest on this mortgage. Lusk offered to execute a second mortgage on the property to secure Coop, who declined to take a second mortgage, but took two notes covering the amounts of the loans, and there is nothing in the record to show that there was any intention to create a lien on the property as security for the obligation.

The record shows that Mrs. Jessie Lusk was the second wife of L. P. Lusk. His first wife, by whom he had children, had died and he married petitioner Mrs. Lusk. They lived together for thirteen years, up until July, 1926, but it appears from the record that L. P. Lusk had lost interest in his wife before they separated, and had been staying out at nights for sixteen months. Mrs. Lusk went away to visit a friend in the Spring of 1926 and when she returned home she found that Lusk had another woman in her home and refused to permit her to return. His youngest daughter, by the former marriage, notified the police and Lusk was arrested, and later indicted for ''having a woman in the house.'' Evidently he was indicted for lewdness. He pleaded guilty in the criminal court and was incarcerated in jail from July until December. He and the petitioner Mrs. Lusk never lived together as man and wife after that time. He insists that his wife left him, but she states that he deserted her, and wrote her that he never intended to live with her again and that he has not supported her or contributed anything to her support and maintenance since that time, and that he had abandoned her. She remained in the dwelling house until it was sold under foreclosure proceedings, when she was turned out of the home, and has since then lived with complainant's youngest daughter, and has supported herself by taking in sewing. The complainant denied that he did anything wrong in the matter, but the fact remains that he pleaded guilty in the criminal court and took a jail sentence. Taking all of the evidence in the record we think it is established that he abandoned his wife, and has failed to support and maintain her, and that he is the one who left her, as he stated he has not contributed to her support and does not expect to live with her.

The appellants have assigned three errors, which in substance are as follows:

(1) That the Chancellor erred in decreeing that complainant L. P. Lusk was entitled to the proceeds under the homestead exemption.

(2) That he erred in not decreeing the proceeds to petitioners, Mrs. Lusk.

(3) That he erred in not declaring an equitable lien on the proceeds in favor of appellant Ewin Coop.

We think that the first two assignments of error should be sustained, and that Mrs. Lusk is entitled to have her homestead rights declared in the balance of the proceeds of the foreclosure sale.

It is provided by statute that "when a debtor absconds or leaves his family, the exempted property shall be set apart for the use of the wife and family, and shall be exempt in the hands of the wife or children; and such property, on the death of the owner, shall be exempt in the hands of the widow and children. See, Thompson-Shannon's Code, sec. 3797.

These exemption statutes were reviewed by Judge Beard in the case of Ryther v. Blackwell, 113 Tenn., 182, 87 S. W., 260, in which he showed that this section also applied to homestead, and where the head of the family either absconds or leaves his family, the family left behind is entitled to homestead, which shall be set apart to them.

Further reviewing the facts of this case, we are of the opinion that it is not shown that ,the complainant absconded in the sense of the law, as is set out 'in Bennett v. Avant, 2 Sneed, 153, and other cases, as the proof shows that he is still a resident of Coffee county; but we do think that the proof shows that he has left his family through no fault of his wife. While the husband is the head of the family and is entitled to have charge of the homestead so long as he remains with his wife and family, yet when he abandons them and leaves her, under a state of facts as established in this case, he forfeits that right, together with the respect of right-thinking people, and is not entitled to the protection of the exemption law in such cases. When he leaves his family the exempt property shall be set apart for the use of the wife and family. See, Ryther v. Blackwell, supra. Without further comment we sustain the first two assignments of error, as the balance of the proceeds of the homestead after paying the mortgage debt is exempt. See, White v. Fulghum, 87 Tenn., 281, 10 S. W., 501; Hall v. Fulghum, 86 Tenn., 451, 7 S. W., 121; Jackson Orr & Co. v. Shelton, 89 Tenn., 82, 16 S. W., 142.

We think that the third assignment should be overruled for several reasons: (1) Because the property is exempt to the widow where her husband absconds or leaves the family; (2) Because appellant Coop is not entitled to have an equitable lien declared on the property. To create an equitable lien there must be an intent to make the particular property a security for the obligation. See, Milam v. Milam, 138 Tenn., 686, 200 S. W., 826. The homestead right prevails over a debt for borrowed money, to pay even the purchase price of land in which the homestead is claimed. See, Loftis v. Loftis, 94 Tenn., 232, 28 S. W., 1091. (3) Because the attempted garnishment proceeding was absolutely void, as there was no execution in the

hands of the constable when it was served, and no attachment by garnishment had been sued out. This assignment must be overruled.

It results that, the first two assignments having been sustained, the decree of the Chancellor is reversed, and a decree will be entered here declaring Mrs. Jessie Lusk's right to homestead in the balance of the proceeds of the sale under the foreclosure proceedings, and the cause will be remanded to the chancery court of Coffee county where proper orders will be made protecting her rights, with direction that the balance of said proceeds be paid by the trustee to the Clerk and Master, who will invest the same in a homestead, if practicable. If not, he will lend out the proceeds and pay the interest to Mrs. Lusk during her life. The cost of the cause incident to the filing of the cross-bill and one-half of the cost of the appeal is adjudged against the appellant Ewin Coop and the surety on his appeal bond, for which execution may issue. The balance of the cost of the cause, including the cost of the appeal, is adjudged against appellee L. P. Lusk, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.